UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE MOISES FRANCO PEÑA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, *et al*.,

Respondents.

Case No. 1:26-cv-03922 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Jose Moises Franco Pena has been in immigration detention since February 2025. He now petitions for a writ of habeas corpus under 28 U.S.C. § 2241, contending, among other things, that Respondents cannot lawfully continue to detain him without affording him a bond hearing to assess whether his detention is appropriate. *See* Dkt. No. 1 ¶¶ 27–39. Respondents answer, without analysis, that no bond hearing is needed because Petitioner's detention is mandatory under 8 U.S.C. § 1226(c). The Court rejects this argument, and finds that 8 U.S.C. § 1226(a) controls Petitioner's detention, entitling him to a prompt bond hearing.

## I. BACKGROUND

Petitioner, a native of El Salvador, entered the United States without inspection by immigration authorities at an unspecified date and time and has resided in the United States for almost two decades. *See* Dkt. No. 1 at 6; Dkt. No. 9-1 at 1. Prior to his detention, he lived with his wife and child, who is a U.S. citizen, and worked as a chef. Dkt. No. 1 at 7. Petitioner maintains that he has no criminal history in the United States. *Id*. at 6.

Based on records submitted by Respondents, it appears that Petitioner was brought to the

attention of immigration authorities when a warrant authorizing Petitioner's arrest for aggravated homicide was issued by the El Salvadoran government. Dkt. No. 9 at 19–20. After locating Petitioner, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on February 21, 2025. *Id*. at 19. Petitioner was served with a Notice to Appear, classifying him as "an alien present in the United States who has not been admitted for paroled[,]" and charging him as inadmissible under 8 USC § 1182(a)(6)(A)(i) that same day. *Id*. at 14.

Although Petitioner has not been found to be a danger to the community or a flight risk at a bond hearing—indeed, he has not been afforded a bond hearing at all—he has been held in immigration detention through the nearly eighteen months since his arrest.

## II. DISCUSSION

Respondents seemingly invoke § 1226(c) based on the El Salvadoran arrest warrant, arguing that he may be lawfully detained without bond under that statute. *See* Dkt. No. 9 at 60–62. They contend that if Petitioner wishes to argue against his detention under § 1226(c), he must first exhaust his administrative remedies by requesting a hearing to challenge his classification under § 1226(c) pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999) before he can litigate that issue through a habeas petition. Dkt. No. 9 at 2. The Court disagrees on both fronts.

### A. Exhaustion

Before a court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). However, the court may excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit

of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

The court elects to excuse exhaustion as the Government has not identified which subsection of § 1226(c) applies here. In *Joseph*, immigration authorities charged the noncitizen in his Notice to Appear with a mandatory detention ground, thus enabling him to challenge that ground in immigration court. *See Matter of Joseph*, 22 I.&N. Dec. at 803. Here, immigration authorities have not charged petitioner with a mandatory detention ground, rather Petitioner was charged as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" pursuant to § 1182(a)(6)(A)(i). *See* Dkt. No. 9 at 14. Inadmissibility under § 1182(a)(6)(A)(i) does not trigger detention under four of § 1226(c)(1)'s five subsections that authorize detention. *See* 8 U.S.C. § 1226(c)(1)(A)–(D) ("The Attorney General shall take into custody any alien who" is inadmissible pursuant to § 1182(a)(2), deportable pursuant to § 1227(a)(2)(A)(ii), (A)(ii), (B), (C), or (D), deportable pursuant to § 1227(a)(2)(A)(i) with a criminal sentence of at least one year, inadmissible under § 1182(a)(3)(B), or deportable under § 1227(a)(4)(B)). And though § 1226(c)(1)(E) provides for detention where an individual is charged as inadmissible under § 1182(a)(6)(A) *and* is charged, arrested for, convicted of, or admits to certain qualifying offenses, the Government has not argued that § 1226(c)(1)(E) applies here. Indeed, on this record it is unclear what section of 1226(c) the government believes applies. "[I]t makes little sense to require a petitioner to exhaust administrative remedies to challenge a classification under § 1226(c) when immigration authorities have not classified the petitioner that way." *M.J. v. Chestnut*, 1:26-cv-04775-MWJS, 2026 WL 2139762, *4 (E.D. Cal. July 24, 2026) (rejecting the respondent's argument that a *Joseph* hearing should be held); *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds where not charged in NTA).

**B. Applicability of § 1226(c)**

Turning to the merits of detention under § 1226(c), Respondents seem to argue that Petitioner's arrest warrant from El Salvador justifies the statute's application. The Court finds this argument unpersuasive. There are five subsections under § 1226(c)(1) which authorize detention, all of which require specific factual predicates and inadmissibility or removability charges to render them applicable. The Government has not identified which of these five subsections of § 1226(c)(1) applies here. Instead, their analysis is contained in a single conclusory statement: "Petitioner is subject to detention under 8 U.S.C. § 1226(c)." Dkt. No. 9 at 2. As explained above, four of the five subsections of § 1226(c)(1) plainly do not apply to Petitioner as he was only charged as inadmissible as a noncitizen present in the United States without admission or parole under § 1182(a)(6)(A)(1). *See id*. at 14. And as the Government has not argued that the fifth subsection—§ 1226(c)(1)(E) applies—the Court need not consider it here.

As Respondents have not provided any facts or analysis from which the Court can conclude § 1226(c) controls Petitioner's detention, the Court finds that he is currently being detained under § 1226(a). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *3 (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)").

**C. Remedy**

Petitioner argues that the appropriate relief here is either release or a constitutionally adequate bond hearing given his nearly eighteen months of detention. Dkt. No. 12 at 22. Under the circumstances, the Court finds that a bond hearing pursuant to § 1226(a), rather than release, is the appropriate remedy. Petitioner has not argued that he should have been afforded pre-deprivation process prior to his detention, which if factually supported would entitle him to release. Where a noncitizen has been detained for a prolonged period pursuant to § 1226(a) or § 1226(c), courts typically order a bond hearing, rather than outright release. *See, e.g.*, *Cesar M.J.*,

2026 WL 2139762, at *5 (ordering bond hearing where petitioner had been detained under § 1226(a) for 10 months); *Diep v. Wofford*, No. 1:24-CV-01238-SKO (HC), 2025 WL 604744 (E.D. Cal. Feb. 25, 2025) (ordering bond hearing where petitioner had been detained under § 1226(c) for thirteen months). Accordingly, Respondents must provide Petitioner with the bond hearing he is statutorily entitled to under § 1226(a).

## III. CONCLUSION AND ORDER

Given the foregoing, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. The hearing may be continued upon Petitioner's request. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 26, 2026

VINCE CHHABRIA
United States District Judge